IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Keyon Robinson, #31823,                )
                                       )
         Plaintiff,              )
                                       )
v.                                     )    Civil Action No. 5:16-560-BHH
                                       )
Lt. Moore;                             )
Warden Bernard McKee;                  )    **ORDER**
A. W. Joyner;                          )
Ms. Earle;                             )
Captain Brightheart; and               )
Warden Thompson,                       )
                                       )
         Defendants.             )
_____)

      This matter is before the Court upon Plaintiff Keyon Robinson's pro se complaint alleging that Defendants violated his constitutional rights under the First and Fourteenth Amendments between September 2013 and June 2014 when they placed him on "lock up," which he also calls "SD" and "security detention," and which allegedly resulted in Plaintiff receiving no visitors and no telephone calls. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

      On March 25, 2016, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss the complaint without prejudice based on Plaintiff's failure to allege facts sufficient to state a plausible constitutional claim. First, the Magistrate Judge noted that South Carolina law confers no protected liberty interest upon an inmate from being classified or placed in some type of administrative segregation. *See Keeler v. Pea*, 782 F. Supp. 42,

43-44 (D.S.C. 1992) (noting that "[t]he use of administrative segregation, or 'lock up,' is an acceptable form of confinement or discipline, within the discretion of prison officials, absent 'explicitly mandatory language' in the state law which limits the discretion of prison officials or prohibits the use of administrative segregation," and stating that "[a]n inmate has no liberty interest in remaining in the general population" because administrative segregation is a condition of confinement to be reasonably expected) (quoting *Berrier v. Allen*, 951 F.2d 622, 625 (4th Cir. 1991), and *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)).  In addition, the Magistrate Judge rejected Plaintiff's conclusory equal protection claim, noting that Plaintiff has not alleged that he is a member of a suspect class or that he was denied a fundamental right, and that Plaintiff's classification was rationally related to a legitimate governmental purpose because he was deemed a security risk.  *See Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (finding no equal protection violation for those in protective segregation [b]ecause the differences in treatment among prisoners in protective segregation and in the general population has a substantial, rational basis in the legitimate state interest of prison security").  Finally, the Magistrate Judge rejected Plaintiff's claim that Defendants violated his constitutional rights by prohibiting visitors and telephone calls while Plaintiff was segregated, noting that a prisoner has no liberty interest or other constitutional right to any type of visitation or unlimited telephone use.  *See Williams v. Ozmint*, 716 F.3d 801, 806-07 (4th Cir. 2013), and *United States v. Alkire*, 82 F.3d 411 (4th Cir. 1996) (unpublished).

Plaintiff filed written objections to the Magistrate Judge's Report on April 15, 2016, asserting that he has not been given the chance to prove his claims and again reiterating his assertion that Defendants violated his constitutional rights by segregating him and by

denying him visitation and access to a telephone. (ECF No. 13 at 1-2.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, after review, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards, and the Court agrees with the Magistrate Judge that Plaintiff has offered legal conclusions but has failed to allege sufficient facts to state a plausible constitutional claim. Moreover, the Court finds Plaintiff's objections unavailing. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 11), overrules Plaintiff's objections (ECF No. 13), and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 14, 2016
Charleston, South Carolina